

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2002

# Helena Chem Corp v. Nelson

Precedential or Non-Precedential:

Docket 0-3700

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Helena Chem Corp v. Nelson" (2002). *2002 Decisions.* Paper 31.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/31

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NOS. 00-3700 AND 01-1252
_____

HELENA CHEMICAL CO., A DELAWARE CORPORATION

v.

JESSE NELSON, SR., d/b/a NELSON FARMS

Appellant in 00-3700

Helena Chemical Company,
Appellant in 01-1252
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 97-cv-05662)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2002
Before: MANSMANN, RENDELL and FUENTES, Circuit Judges

(Filed: January 23, 2002)
_____

MEMORANDUM OPINION
_____

RENDELL, Circuit Judge.

Helena Chemical Co. ("Helena") sued Nelson Farms seeking payment for chemicals and spraying services, and Nelson Farms counterclaimed, asserting that Helena's improper application of herbicides had damaged its fields. The District Court entered summary judgment in favor of Nelson Farms for negligence, and against Nelson Farms on its claim under the New Jersey Consumer Fraud Act (the "Consumer Fraud Act"), N.J.S.A. 56:8-2. The jury determined damages, and Nelson Farms was awarded $310,826 for the negligence claim.

Nonetheless, Nelson Farms appealed, contending that the judge should have found that Helena's actions violated the Consumer Fraud Act because Helena "knowingly

ignored label directions and applied the pesticide [improperly]," because the
misrepresentation by Helena was of a type contemplated by the Consumer Fraud Act such
that the issue should have been submitted to the jury, and because the court erred in
failing to find that the violations of federal and state law were "aggravating
circumstances" within the meaning of Cox v. Sears Roebuck, 647 A.2d 454 (N.J. 1994),
sufficient to give rise to a violation of the Consumer Fraud Act.  We have jurisdiction
under 28 U.S.C.  1291, and our review of a summary judgment decision is de novo.

The District Court first considered whether a statement by Helena that it would
match a competitor in quality and price amounted to fraudulent inducement to contract.
It found that, at most, Helena may have breached an oral guarantee of quality, which does
not violate the Consumer Fraud Act by itself, but must be accompanied by aggravating
circumstances.  See D'Ercole Sales, Inc. v. Fruehauf Corp., 501 A.2d 990, 997-98, 1001
(N.J. Super. Ct. App. Div. 1985).  The District Court found that Nelson Farms had put
forth no evidence of aggravating circumstances and, in particular, that there was no
evidence of "concealment of an intent to provide inferior service from the outset."  On
appeal, Nelson Farms urges us to hold that the repeated application of the herbicide after
Helena's employees realized it was not mixing well amounted to aggravating
circumstances.  But we agree with the District Court that this does not rise to the level
contemplated by the statute.  Finally, the District Court reasoned that Helena's statement
was "puffing" rather than fraud under the Consumer Fraud Act.  See Gennari v. Weichert
Co. Realtors, 672 A.2d 1190 (N.J. Super. Ct. App. Div. 1996), aff'd as modified, 691
A.2d 350 (N.J. 1997) (requiring that the misrepresentation must be material to the
transaction, must be false, and must induce the buyer to make the purchase).

The District Court next rejected Nelson Farms' argument that Helena's failure to
follow the instructions on the label amounted to an unconscionable business practice
because it violated statutes that regulate the use of herbicides.  The District Court found
no basis in law for this argument and reasoned that misuse of herbicides can be remedied

without reliance on the Consumer Fraud Act through the herbicide statutes' own enforcement provisions.

We agree that summary judgment against Nelson Farms on its Consumer Fraud Act claim was appropriate, essentially for the reasons in the District Court's opinion. We agree that there was no evidence that either Helena's statement or its use of herbicides violated the Consumer Fraud Act. The improper herbicide application did not constitute an "unconscionable commercial practice," in part because it did not reflect the lack of "good faith, honesty in fact and observance of fair dealing" that Cox requires. Id. Moreover, Helena's statement that it would meet the quality and cost of its competitor did not constitute a misrepresentation. Instead, it was an assurance given, but Helena then failed to perform in accordance with the assurance. No one alleges that the company lacked the qualifications and was not competent; rather, it just did not follow the label.

Also before us is Helena's cross-appeal from the District Court's denial of its motion for a new trial or remittitur on the ground that the jury awarded excessive damages. In its opinion, the District Court examined in detail the presentations made by competing experts, the calculations of the quantity of each crop that was lost or damaged, and the evidence as to the value of these crops. We conclude that the District Court did not abuse its discretion in denying this motion and that the jury's damage verdict was not "so grossly excessive as to shock the judicial conscience." Murray v. Fairbanks Morse, 610 F.2d 149, 153 (3d Cir. 1979) (internal quotation marks and citations omitted).

Finally, Helena cross-appealed from the order granting Nelson Farms' motion to add prejudgment interest to the final judgment. We agree with the District Court that this was an appropriate addition, as the New Jersey Court Rules expressly provide for interest without requiring that it be requested in the complaint or in pretrial submissions.

In sum, for the reasons set forth by the District Court in its opinion, we will AFFIRM.

_____

TO THE CLERK OF COURT:
    Please file the foregoing memorandum opinion.


                                    /s/ Marjorie O. Rendell
                                    Circuit Judge